UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-13-1

UNITED STATES OF AMERICA                CRIMINAL NO. 3:14cr 215 (JAM)

                                        VIOLATIONS:

v.                                      18 U.S.C. § 666(a)(1)(A) (Theft Concerning
                                        Program Receiving Federal Funds)

PAUL PERROTTI

INDICTMENT

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.  The Town of Middlebury, Connecticut, incorporated in 1807, was a local government within the State of Connecticut.

2.  The Middlebury Volunteer Fire Department, Inc. ("MVFD") was a non-profit public service organization located in Middlebury, Connecticut. The MVFD was responsible for providing fire and ambulance-related emergency service for the Town of Middlebury. The MVFD was largely made up of volunteer firefighters. The MVFD was primarily funded by the Town of Middlebury, which provided funding to MVFD's operating bank accounts. As such, the MVFD was a "government agency," as that term is defined by 18 U.S.C. § 666(d)(2). The Town of Middlebury owned the fire department building that housed the MVFD, as well as the fire trucks and automobiles used by members of the MVFD. The Town of Middlebury paid operating expenses of the MVFD upon receipt of invoices submitted by the MVFD to the Town of Middlebury, and also reimbursed the

MVFD for expenses that it incurred. In the calendar year of 2012, the Town of Middlebury's annual budget allocated $223,284 for MVFD-related expenses.

3. The Town of Middlebury, Connecticut received federal benefits in excess of $10,000 during each 12-month period described in Counts One through Three.

4. The defendant PAUL PERROTTI ("PERROTTI") has been the Fire Chief of the Town of Middlebury since 1997. The Town of Middlebury Board of Selectman appointed PERROTTI to that position, and PERROTTI has been paid an annual stipend of $15,000 from the Town of Middlebury. Since this time, PERROTTI has also served as the President of MVFD. In his role as Fire Chief and President of the MVFD, PERROTTI was responsible for the day-to-day management of the MVFD, including approval of expenditures and purchases made by the MVFD.

5. As the Fire Chief of the MVFD, PERROTTI was an "agent" of the Town of Middlebury and the MVFD, as that term is defined by 18 U.S.C. § 666(d)(1).

6. Since about 2010, PERROTTI has owned and controlled Paul Perrotti Electric, LLC ("PPE"), a limited liability company registered with the Connecticut Secretary of State. PERROTTI is a licensed electrical unlimited contractor by the State of Connecticut, Department of Consumer Protection.

7. The MVFD's day-to-day operations were funded by the MVFD's operating account, which was maintained by TD Bank and identified by account number ending in -0044. The MVFD also maintained a separate operating account to fund MVFD's ambulance services, which account was maintained by TD Bank and identified by account ending in -4566. Collectively, the two accounts are referred to herein as the "Operating Accounts." PERROTTI had signatory authority for the Operating Accounts, and authorized and signed checks drawn on the Operating Accounts, and directed the issuance of such checks.

8. From in or about January of 2011 through in or about December of 2013, the exact dates being unknown to the Grand Jury, PERROTTI used the Operating Accounts to pay for unauthorized personal expenses and for expenses associated with PPE, his electrical business. These payments included checks paid directly to PERROTTI, checks paid directly to PPE, checks made directly payable to employees of PPE, checks made to various vendors of PPE for PPE-related supplies, and checks made to reimburse third parties for personal loans owed by PERROTTI.

9. In addition, from in or about January of 2011 through in or about December of 2013, the exact dates being unknown to the Grand Jury, PERROTTI submitted invoices to the Town of Middlebury for expenses that he falsely claimed were incurred by MVFD but, in fact, were expenses related to the business of PPE, including bills for various vendors of PPE.

10. In November of 2007, PERROTTI opened a Home Depot, CitiBank NA credit card in the name of MVFD, account number ending in -3241 ("Home Depot Credit Card"). PERROTTI was the sole authorized signatory on the Home Depot Credit Card, whose statements were mailed to and paid by the MVFD at PERROTTI's direction. From January of 2011 through in or about December of 2013, the exact dates bring unknown to the Grand Jury, PERROTTI used the Home Depot Credit Card for expenses unrelated to MVFD business, but instead related to PPE's business. These expenses included charges for electrical wires, breakers and wire.

11. The MVFD also maintained a debit card account at TD Bank, account ending in number -8251 ("Debit Card Account.") The Debit Card Account was originally used to fund the MVFD's annual carnival, and was later used to fund training at the MVFD. The Debit Card Account itself was funded through the MVFD Operating Accounts. PERROTTI was the only person at the MVFD authorized to use the Debit Card Account, and possessed the debit card for that account. From January of 2011 through in or about December of 2013, the exact dates being unknown to the

Grand Jury, PERROTTI used the Debit Card Account to withdraw cash for himself and to make purchases not related to the MVFD, including purchases for food and gas.

## COUNT ONE
(Theft Concerning a Program Receiving Federal Funds)

12. Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though set forth fully herein.

13. From on or about January 1, 2011, through December 31, 2011, in the District of Connecticut and elsewhere, PERROTTI, being an agent of the MVFD and an employee of the Town of Middlebury, a local government receiving in the one year period beginning January 1, 2011, benefits in excess of $10,000 under grants and federal assistance awarded by the U.S. Federal Emergency Management Agency, did embezzle, steal, obtain by fraud, intentionally misapply, and otherwise without authority knowingly convert to his own use property and funds valued at $5,000 or more, which property and funds were owned by and under the care, custody and control of the Town of Middlebury.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## COUNT TWO
(Theft Concerning a Program Receiving Federal Funds)

14. Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though set forth fully herein.

15. From on or about January 1, 2012, through December 31, 2012, in the District of Connecticut and elsewhere, PERROTTI, being an agent of the MVFD and an employee of the Town of Middlebury, a local government receiving in the one year period beginning January 1, 2012, benefits in excess of $10,000 under grants and federal assistance awarded by the U.S. Federal Emergency Management Agency, did embezzle, steal, obtain by fraud, intentionally misapply, and

otherwise without authority knowingly convert to his own use property and funds valued at $5,000 or more, which property and funds were owned by and under the care, custody and control of the Town of Middlebury.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## COUNT THREE
(Theft Concerning a Program Receiving Federal Funds)

16. Paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though set forth fully herein.

17. From on or about January 1, 2013, through December 31, 2013, in the District of Connecticut and elsewhere, PERROTTI, being an agent of the MVFD and an employee of the Town of Middlebury, a local government receiving in the one year period beginning January 1, 2013, benefits in excess of $10,000 under grants and federal assistance awarded by the U.S. Federal Emergency Management Agency, did embezzle, steal, obtain by fraud, intentionally misapply, and otherwise without authority knowingly convert to his own use property and funds valued at $5,000 or more, which property and funds were owned by and under the care, custody and control of the Town of Middlebury.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATION UNDER 18 U.S.C. § 982(a)
(Theft Concerning a Program Receiving Federal Funds)

18. Upon conviction of the offenses set forth in Counts 1 through 3 of this Indictment, PERROTTI shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(3), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violations.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. § 982(a)(3) and 28 U.S.C. § 2461(c).

A TRUE BILL

/s/
_____
FOREPERSON

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY