

United States Department of Justice

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*      *(203) 821-3700*
*157 Church Street, 25th Floor*      *Fax (203) 773-5376*
*New Haven, Connecticut  06510*      *www.justice.gov/usao-ct*

July 30, 2015

The Honoroable Jeffrey Alker Meyer
Richard C. Lee United States Courthouse
141 Church Street
New Haven, CT  06510

Re: *United States v. Paul Perrotti*, Case No. 14cr215 (JAM)

Dear Judge Meyer:

The purpose of this letter is to apprise the Court of certain extrajudicial statements made by defense counsel Martin Minnella which may violate Local Criminal Rule 57(g).  The government respectfully requests that the Court review the extrajudicial statements attributed to Attorney Minnella to determine whether any judicial action is required to enforce compliance with the local rules.

Local Criminal Rule 57(g) states that "[a]fter the completion of a trial . . . and prior to the imposition of sentence, a laywer or law firm associated with the prosecution or defense shall not make or participate in making an extrajudicial statement that a reasonable person would expect to be disseminated by public communication and that is reasonably likely to affect the imposition of sentence."

As reported by the Waterbury Republican American, on July 27, 2015, Mr. Minnella hosted a press conference at his law office where he attacked (1) the strength of the evidence against Mr. Perrotti, (2) the credibility of the Government's witnesses and (3) the Court's evidentiary rulings.[1]  According to the media account, Mr. Minnella "recalled how FBI Special Agent Jeffrey Waterman called a couple of items used for Paul Perrotti Electric jobs 'similar' to items bought by the town, and . . . contended [that] the government failed to prove anything was used for Perrotti's company."  Further, Mr. Minnella said "[U.S. Attorney] Karwan was allowed to introduce a lot of 'prejudicial evidence' that had nothing to do with Perrotti's guilt."  In addition,

---

[1] Bill Bittar, <u>Perrotti Weighs Options For Appeal, Attorney to Seek Dismissal of Federal Conviction</u>, Republican-American, July 27, 2015, available at http://www.rep-am.com/news/local/897647.txt. (Attached hereto as Exhibit A).

Mr. Minnella "criticized Government witnesses, claiming testimony often contradicted statements made to the FBI." Attorney Minnella even suggested that the jury's verdict may have been improperly influenced by the Court. According to the article, Mr. Minnella "wondered if [the jury] . . . had the impression they had to come back with a verdict" after the Court gave the *Allen* charge.

Mr. Perrotti also participated in this press conference in Attorney Minnella's presence, stating, among other things, that the government did not "mention credits [from Hampden Zimmerman Electric Supply Co.] back to the town and Middlebury Volunteer Fire Department." The media account of the press conference ends with Mr. Minnella saying that "Mr. Bruno and the citizens of Middlebury should feel a lot less safe now that Paul Perrotti isn't at the helm of the fire department."

Finally, photographs of the press conference show that Attorney Minnella displayed for the media certain disks that the Government provided during discovery. The Government is not aware whether Attorney Minnella intended to use the Government's disclosure as a visual prop, or made the contents of the disks available to the media. In either event, Attorney Minnella's conduct in this regard violated the Court's Protective Order, which prohibits use of the Government's Discovery Materials for any purpose other than representing the defendant in the criminal matter.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/   *Heather Cherry*

HEATHER CHERRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv07037

SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct22911
157 Church Street, 25th Floor
New Haven, CT  06510
(203) 821-3700

**Exhibit A**

Monday, July 27, 2015 11:05 PM EDT

Perrotti weighs options for appeal
Attorney to seek dismissal of federal conviction
BY BILL BITTAR REPUBLICAN-AMERICAN

Photo: Former Middlebury Fire Chief Paul J. Perrotti talks to the press during a conference at his attorney, Martin Minnella's, office in Middlebury on Monday morning. Minnella and Perrotti spoke about their plan to appeal the guilty verdict against Perrotti. Next to Perrotti is his wife, Terri Perrotti. Christopher Massa/RA

_____

MIDDLEBURY -- Former Fire Chief Paul J. Perrotti may have been found guilty of embezzling money from the town to benefit his electrical contracting business, but he is not going down without a fight.

His attorney, Martin Minnella, hosted a news conference at his town law office Monday morning to outline Perrotti's options to appeal the federal jury decision or have the charges dismissed outright.

Minnella will file a motion for dismissal under Rule 29a, contending the government had insufficient evidence to convict his client.

"The FBI and the government do so much good for the state of Connecticut and the country," Minnella said during a gathering in his conference room. "In this situation, a citizen, Paul Perrotti, and his family have been aggrieved. Hopefully the judge will rule in favor of our motion and, if not, the Second Circuit in New York will have the ability to right this wrong."

U.S. District Judge Jeffrey A. Meyer will review Minnella's motion, which must be submitted in three weeks, as well as the government's response.

A jury found Perrotti guilty of two of three federal theft charges in a partial ruling last Thursday. Sentencing is scheduled for Oct. 29.

Monday's news conference was attended by Perrotti; his wife, Terri; and a few family members and friends.

Minnella criticized a press release for saying the government believes Perrotti embezzled over $70,000 from the town and the Middlebury Volunteer Fire Department.

"Where have they shown, even remotely, that $70,000 was taken?" he asked. "Anyone can make allegations, but where's the proof?"

The prosecution accused Perrotti of billing the town for electrical supplies bought for the fire department, but using it for Paul Perrotti Electric jobs.

Perrotti said the government focused on two doorbell sets and $90 worth of red globe lights "that I know are at the fire department somewhere."

He said an employee of Hampden Zimmerman Electric Supply Co. made numerous mistakes by billing Paul Perrotti Electric supplies to fire department and town of Middlebury accounts.

"They didn't mention the credits back to the town and the Middlebury Volunteer Fire Department," Perrotti said of prosecutors.

Minnella recalled how FBI Special Agent Jeffrey Waterman called a couple of items used for Paul Perrotti Electric jobs "similar" to items bought by the town, and the attorney contended the government failed to prove anything was used for Perrotti's company.

Perrotti complained about Assistant U.S. Attorney Sarah P. Karwan telling jurors that other electrical contractors did not have the opportunity to bid on jobs at the firehouse, when Perrotti said the town only requires work for $5,000 or more to be bid on.

Minnella said Karwan was allowed to introduce a lot of "prejudicial evidence" that had nothing to do with Perrotti's guilt.

His family and friends wondered why the jury, which told the judge they could not agree last Wednesday, went on to find Perrotti guilty of two charges the next day.

Minnella said Meyer gave fair instructions to jurors when he sent them back to deliberate longer, but Minnella wondered if they may have had the impression they had to come back with a verdict.

"Staying longer leads to a compromise, and that's what we had here," Minnella said.

"I think the jury was confused," Perrotti added.

Minnella and Perrotti criticized government witnesses, claiming testimony often contradicted statements made to the FBI.

Perrotti is upset that Kim Connors, the fire department bookkeeper who testified that Perrotti told her to forge signatures on department checks made out to herself for his electric work, and firefighter, Max Biggins, who agreed to have phone conversations with Perrotti recorded, are still with the fire department -- with Biggins now an officer.

In response to current Fire Chief Anthony Bruno's recent criticism of Perrotti, Minnella said, "I say, physician heal thyself. Mr. Bruno and the citizens of Middlebury should feel a lot less safe now that Paul Perrotti isn't at the helm of the fire department."

Contact Bill Bittar at bbittar@rep-am.com.