| UNITED STATES OF AMERICA | : | Case No.: 3:14cr-00215 (JAM) |
|---|---|---|
| V. | : | |
| PAUL PERROTTI | : | February 4, 2016 |

## DEFENDANT'S POST-FATICO HEARING SUPPLEMENTAL BRIEF

On January 28, 2016 a *Fatico* hearing took place at the Federal Courthouse in New Haven, Connecticut in front of the Honorable Jeffrey Meyer. At the *Fatico* hearing, Defense counsel was granted an opportunity to provide this Court with a supplemental brief to address the new issues raised at the hearing.

Defendant's first argument stems from the cross examination of FBI Agent Vientos. Defense counsel introduced numerous statements obtained by Agent Vientos during her yearlong investigation regarding this matter, many of which directly contradict the Government's position and corroborate the Defendant's. Below, Defendant highlights some of the instances in which the Government and prosecution completely ignored exculpatory information and made arguments and allegations contrary to the information in their possession.

The most egregious of these was the argument set forth on page nine (9) of GOVERNMENT'S MEMORANDUM OF LAW IN ANTICIPATION OF THE FATICO HEARING (hereinafter "Gov't Memo") and states "However, in light of the fact that any work done at the Fire Department was the responsibility of the Town and not the MVFD, Inc., there would be no reason that PPE would be hired by the MVFD to do electrical work at the Fire Department." This argument was clearly contradictory to the information available to them, specifically the 302 obtained by Agent Vientos from the Director of the Public Works Department, Dan Norton. In this statement, now in evidence, Mr. Norton tells Agent Vientos that "Paul Perrotti takes care of all the maintenance at the firehouse, except those projects beyond

his capabilities. [The First Selectman] told Norton to let Perrotti take care of the firehouse, and Perrotti has been doing so since approximately 2005 to 2006." Agent Vientos and the prosecution also ignored a statement from one of their own trial witnesses, Kevin Dawes, who told Agent Vientos that "When he took the position with the Public Works it was understood that Perrotti does all the work at the MVFD" and "Perrotti does all the electrical work in the MVFD building and mows the grass." The Government also argued that these payments were fraudulent because the membership was unaware that Mr. Perrotti was being paid. However, at the Fatico hearing, the defense overwhelmingly showed that the membership were on notice of the payments to Mr. Perrotti and PPE via the treasurer's report presented at monthly meetings.

As it relates to payments to Mr. Perrotti personally, Agent Vientos testified that she did not see any receipts for these payments and therefor concluded that every payment to Paul, other than verified fire pay, was stolen. However, during her interviews with former treasurers Kevin Michaud and Greg Perrin, she learned that these treasurers did not reimburse Mr. Perrotti unless he provided a receipt. Agent Vientos not only ignored these statements, but failed to identify a procedure of the MVFD that mandated it keep receipts for a certain period of time after reimbursement. It is important to note that most of these allegations involve reimbursements to Mr. Perrotti for various MVFD related functions like the Halloween party, August Picnic, Christmas Party, etc. The perfect way for the Government to prove these payments were fraudulent would have been to show that expenses for these same functions appear elsewhere, and Mr. Perrotti was fraudulently double-billing for these expenses. There should be no doubt that these functions occurred year in and year out and if Mr. Perrotti didn't purchase these necessities, who did?

For the aforementioned reasons, the Defendant submits that none of the payments to PPE or Mr. Perrotti personally can be said to have been proven criminal by a preponderance of the evidence and should not be counted towards any total loss this Court finds.

In regards to the misuse of the debit card, Defendant submits that the Government failed to prove, by a preponderance of the evidence, there was any misuse whatsoever. Mr. Perrotti, as well as a Defense witness, provided testimony regarding the general use of the debit card, namely in what capacity it was used and who used it. The Defendant submits that this evidence soundly dispels the theory of the prosecution that the debit card was only used for emergencies or flower baskets and all other purchases were fraudulent. Thus, the Defendant submits that Government failed to prove any such misuse by a preponderance of evidence.

On another note, for sentencing purposes, it is important for this Court to become aware of the benefit conferred by Mr. Perrotti onto the Town of Middlebury throughout his 18 years as Chief, more specifically from 2005/2006 forward. As corroborated many times throughout the statements obtained during the Government's investigation, testimony at trial, and testimony at the Fatico hearing, Mr. Perrotti did all the maintenance and electrical work at the MVFD. However, it is our understanding that any evidence of an off-set or financial benefit conferred to the Town or MVFD by Mr. Perrotti should be addressed in Defendant's Sentencing Memorandum and not now.

**WHEREFORE**, the defendant, PAUL PERROTTI, respectfully requests this Honorable Court to consider the arguments set forth in this brief.

THE DEFENDANT, PAUL PERROTTI

By: /s/federal bar # CT038195
Martin Minnella
Minnella, Tramuta & Edwards LLC
530 Middlebury Road
Middlebury, CT 06762
Phone No. (203) 573-1411
Facsimile No.: (203) 757-9313
Email Address: johannas@mtelawfirm.com
Federal Bar No.: ct038195

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | NO. 3:14cr-00215-(JAM) |
| | : | |
| PAUL PEROTTI | : | FEBRUARY 4, 2016 |

## CERTIFICATE OF SERVICE

I, Martin Minnella, hereby certify that on February 4, 2016, a copy of the foregoing DEFENDANT'S POST-FATICO HEARING SUPPLEMENTAL BRIEF was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Bar #CT038195

Martin Minnella
Federal Bar No.: CT038195