UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                                                    No. 3:14-cr-215 (JAM)

PAUL PERROTTI,
    *Defendant*.

**ORDER GRANTING DEFENDANT'S MOTION FOR BOND PENDING APPEAL**

Defendant Paul Perrotti was convicted after a jury trial on two counts of theft from a program receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A). On August 29, 2016, the Court sentenced defendant principally to concurrent terms of three months imprisonment and with a voluntary surrender date of October 27, 2016. Defendant has now belatedly filed a motion for bond pending appeal pursuant to 18 U.S.C. § 3143. Because I conclude that one of the issues raised by defendant presents a substantial ground for appeal, I will grant defendant's motion for bond pending appeal.

The law presumes that a defendant who has been sentenced to a term of imprisonment will serve his prison sentence during the pendency of any appeal. A defendant may overcome this presumption by demonstrating the following four factors:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released (and as shown by clear and convincing evidence);
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that the decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*See* 18 U.S.C. § 3143(b).

Here, the only dispute between the parties is whether defendant has raised a substantial question to warrant reversal. Although the statute provides that the substantial question raised

1

must be "likely" to result in reversal, the Second Circuit has made clear that this does not require a district court to confess error or to actuarially predict how the court of appeals will rule on appeal; rather, a district court must determine that the question raised "is one of more substance than would be necessary to a finding that it was not frivolous," and that "it is a close question or one that very well could be decided the other way." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).

Defendant has raised three grounds for bond pending appeal. I agree with the government's arguments that neither the first nor the third grounds present substantial questions of law, in large part because of significant doubt about whether these arguments were even properly asserted or preserved. By contrast, it is clear that defendant properly raised the second question presented concerning whether the Court correctly instructed the jury on the definition of an "employee" as that term is used in the statute. *See* 18 U.S.C. §§ 666(a)(1)(A) & (d).

In my ruling denying defendant's post-trial motions, I explained at some length why I believe that my instruction with respect to the definition of "employee" was proper and also why any error was harmless in light of the breadth of the term "agent" as used in the statute. *See* Doc. #121 at 14–16; *United States v. Perrotti*, 2015 WL 6872441, at *7–*8 (D. Conn. 2015). I will not repeat those reasons here.

Although I continue to believe that the instruction I gave was proper, I think that there is a reasonable ground for a difference of opinion on this issue. It is a reasonably debatable question whether I should have adopted a definition of "employee" that more closely tracked the common law definition of that term as applied by the Supreme Court in *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992) (applying common law definition of "employee" as used in ERISA statute and noting in part that "in the past, when Congress has used the term

'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine"). It does not appear that any other court has specifically addressed the definition of "employee" in the § 666 context, and it is at least reasonably debatable whether the common law definition should apply not only for civil statutes like ERISA but also for criminal statutes like § 666 in this case.

Although the parties do not meaningfully address the additional issue of harmlessness in their submissions, I also think reasonable minds could differ concerning whether any instructional error was harmless. Indeed, § 666(a)(1)(A) applies to any "agent," and case law makes clear that this expansive term includes not just employees but *non*-employees such as independent contractors and consultants. *See Campbell v. United States*, 2016 WL 3522306, at *6 (E.D. Mich. 2016) (collecting cases showing "the common practice of other Courts across the country of upholding prosecutions of independent contractors and consultants" under § 666).

The Court of Appeals may be as puzzled as I am why the government decided to limit itself to pleading and proving that defendant was an "employee" when it could more simply have alleged and proved that he was an "agent" of the Town of Middlebury. *See also* Doc. #68 (docket order). Regardless why the government proceeded as it did, the statute's breadth suggests that the alleged instructional error here about the meaning of the term "employee" was harmless in view of the overwhelming evidence that defendant was an "agent" of the Town of Middlebury. Still, in light of the fact that it would be the government's burden on appeal to show harmlessness beyond a reasonable doubt, *see United States v. Sheehan*, -- F.3d --, 2016 WL 5334994, at *8 (2d Cir. 2016), defendant has a reasonably debatable claim that he prejudicially

relied on the government's choice to plead and prove that defendant was an "employee" rather than more generally an "agent" of the Town of Middlebury.

In short, defendant has established grounds to warrant his continued release on bond pending appeal in this case. I conclude that defendant has raised a substantial question whether the jury was properly instructed on the meaning of "employee" and whether any error was harmless.

## CONCLUSION

Defendant's motion for bond pending appeal (Doc. #160) is GRANTED.

It is so ordered.

Dated at New Haven this 25th day of October 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge